ELLEN McCRILLIS. vs. PHILIAS BENOIT.

PROVIDENCE—OCTOBER 12, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Trespass and Ejectment. Notice to Quit. Tenant by Sufferance. Tenancy from Month to Month. Contracts.*

A. entered into the possession of certain real estate belonging to B., under an agreement by which he was to receive a deed of the property at such time as the purchase price, together with interest, should have been paid, said price to be paid in monthly installments. A. also agreed to pay all taxes, repairs, and insurance. It was further provided that, in case of breach of the conditions by A., all payments should be forfeited.

A. having failed to make the payments due under the agreement and to pay the taxes and insurance, B. notified him that, although he was in default, if he would continue to make the payments punctually, he would finally deliver him a deed, otherwise he should insist upon his vacating. Thereupon A. made one payment, and then entirely ceased. B., by attorney, thereupon notified A. to quit, sending the notice, properly addressed, by mail. After verdict for plaintiff, in ejectment proceedings:—

*Held*, that, A. having forfeited the contract, it was competent for B. to treat him as a tenant by sufferance or permit him to remain as tenant from month to month.

*Held*, further, that, by sending A. the letter, B., in effect, offered to treat him as a tenant in possession, paying rent from month to month, until such time as the purchase price was paid, which offer was accepted by A. by the payment of the first month's rent.

*Held*, further, that, by allowing the stipulated rent thereafter to become in arrears, he was liable to be sued out without notice, under Gen. Laws cap 269, § 7.

Whether notice to quit, sent by mail, is sufficient, is not decided.

TRESPASS AND EJECTMENT. Heard on petition of defendant for new trial, and denied.

TILLINGHAST, J.　This is an action of trespass and ejectment, and is brought to recover possession of certain real estate situate

at number 231 Illinois street, in the city of Central Falls. The writ was issued August 19, 1903, and was returnable to the District Court of the Eleventh Judicial District on August 26, 1903.

The declaration contains the usual counts, including a count for wrongful detention of the premises by the defendant, a count based upon notice to the defendant, as tenant, to vacate the premises, and a count based on rent in arrears.

The facts in the case, in so far as they are material to our decision, are as follows:

The plaintiff was and still is the owner in fee simple of the premises described in the declaration, and on the eighth day of April, 1895, she entered into an agreement in writing with the defendant, as follows:

"This Memorandum of Agreement, made and concluded this Eighth (8th) day of April, 1895, A. D., by and between J. W. McCrillis of Providence, R. I., of the first part, and Philias Benoit of Central Falls, Rhode Island, of the second part, Witnesseth: That the said J. W. McCrillis hereby agrees to sell and convey, and the said Philias Benoit hereby agrees to purchase and pay for at the agreed price and sum of Fourteen hundred and fifty ($1,450) dollars, all that parcel of land, situated in Central Falls, R. I. at No. 231 Illinois street and being the same premises described in a deed from John O'Kelley to Ellen McCrillis dated 1894 and recorded in Central Falls Record Office.

"Said land and improvements to be conveyed by said party of the first part to said party of the second part or his order, by a good and sufficient warranty deed, conveying an unincumbered title in fee simple, at such time as all the purchase money, together with the interest thereon, shall have been paid. It is provided that at such time as the said Benoit shall have reduced the principal sum of $1,450 to $1,200 he may at his request and desire take a deed of the said premises and give a mortgage deed and note for the said $1,200. He to continue the payments hereinafter specified. Interest shall be paid on all sums due and unpaid, at the rate of six per cent. per annum semiannually in advance and the monthly payments

to be made hereafter shall be applied first to the interest due and second to the principal sum due.

"And said party of the second part, agrees to pay said sum of purchase money as follows: Fifteen dollars ($15.00) shall be paid on the first day of each and every month, beginning such payments on May 1st, 1895. It is provided that the said Benoit may pay more than $15 per month at such times as he pleases, and that if by misfortune he shall at any time be unable to make the specified payment of $15 all such excess as he shall have paid, shall be considered as extending his time by so much as he has paid. The said Benoit agrees to pay all taxes, repairs, and insurance.

"And it is further agreed, that the sums paid on this agreement shall constitute and be received as partial payment toward the price of said estate, or be forfeited to said party of the first part, in case the said party of the second part fails to carry out the above-named conditions.

"In Witness Whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"J. Wilson McCrillis (seal).

"Philias Benoit        (seal).

"Executed in

  presence of

          "J. M. Beauchene,

          "John B. McGuinness.

> "I hereby accept the terms of this contract and agree to be bound by them.
>
>                   "Ellen McCrillis" (seal).

Said J. Wilson McCrillis is the brother of the plaintiff and was her duly authorized agent in the making of said agreement and in the part which he took in collecting the installments due thereon, &c. He testifies that he understood the transaction to be the selling of a house to the defendant on the installment plan.

(1)    In pursuance of this agreement the defendant entered into possession of the premises, and for nearly two years next thereafter he made most of the payments called for; but since then he has violated the conditions of the agreement by neglecting

to make most of the monthly payments, so that on July 20, 1903, there was a balance due thereon of $1,098. He also neglected to pay the taxes and insurance on the property, and in May, 1903, it was levied on for the non-payment of taxes, and the plaintiff was obliged to pay the tax, with interest and costs of levy, in order to prevent the property from being sold.

On May 5, 1903, the plaintiff sent the defendant a letter notifying him that he was in default on his agreement and that by reason thereof he could in no sense claim the property as his own, and closed the letter as follows: "However, if you pay the rents in full, month by month, year by year, without breaks, I shall be prepared to give you finally a clear deed. If there are any months when the rent is not paid in full I shall insist upon your moving to another house at once."

Subsequently to this, viz.: May 7, 1903, the defendant paid the plaintiff fifteen dollars, and from that time his payments entirely ceased.

Some time before the writ was issued in this case the plaintiff's attorney sent a notice to Mr. Benoit, the defendant, to quit said premises. Mr. Beagan, who sent the notice, testifies that he sent it by mail, properly stamped and addressed, to the defendant at number 231 Illinois street, and that it never came back, although it was sent in an envelope containing on the outside thereof a notice as to the location of his office.

At the trial of the case in the Common Pleas Division, to which court it was carried by the plaintiff on a claim for jury trial, the jury returned a verdict for the plaintiff; and the case is now before us on the defendant's petition for a new trial on the grounds (1) that the verdict was against the law and the evidence, and (2) that the trial court erred in ruling that notice to quit, sent by mail, was legally served.

The defendant offered no testimony at the trial of the case, but relied on the insufficiency of the plaintiff's testimony to make out a case, and especially on the ground that the notice to quit, sent by mail, was not a legal notice under the statute.

Defendant's counsel now urges the same argument in support of the petition for a new trial, claiming that under the facts appearing in evidence the defendant was a tenant by suffer-

ance of the premises in question, and that there could be no wrongful detention thereof until after the expiration of the time specified in a statutory notice legally served.

Whether the notice to quit, which was sent by mail, was sufficient to terminate the defendant's tenancy or not we do not feel called upon to decide, for, as we view the case, the defendant was not a tenant at sufferance.

Having forfeited his contract to purchase the property, it was competent for the plaintiff to treat said contract as at an end, and to treat the defendant as a tenant by sufferance, and give him notice to quit, or to permit him to remain in possession as a tenant from month to month. It was also competent for her to stipulate that, in case the rent was paid without breaks until the total thereof reached the amount of the purchase price aforesaid, she would give him a deed of the premises. By sending him said letter, the plaintiff, in effect, offered to treat the defendant as a tenant in possession, paying rent from month to month, until such time as the full amount of the purchase price should be paid. And by promptly paying the first month's rent thereafter, the defendant, who no longer had any rights under said contract, must be held, in the absence of any explanation of his conduct, or of any testimony whatever in defence, to have accepted the terms of this new contract. From the time when he paid the first month's rent, therefore, after receiving said letter, he became a tenant of the plaintiff. And, as he continued in possession of the premises thereafter without paying the stipulated rent therefor, he rendered himself liable to be sued out without notice, under the statute, on the ground that the rent was in arrears for more than fifteen days. Gen. Laws R. I. cap. 269, § 7.

The defendant having persistently violated both the original contract to purchase said premises and the subsequent contract to pay rent therefor, we see no reason why the plaintiff should not now have the benefit of her verdict for the possession thereof.

New trial denied, and case remanded for judgment.

*John P. Beagan*, for plaintiff.

*H. A. McKenney* and *Frank H. Bellin*, for defendant.